666

(114 So. 921)

George H. DAVENPORT v. STATE. (4 Div. 374.) Court of Appeals of Alabama. Nov. 15, 1927.

J. S. Williams, Judge.

SAMFORD, J. Affirmed.

(118 So. 923)

John DAVIS v. STATE. (2 Div. 414.) Court of Appeals of Alabama. Nov. 13, 1928.

Benj. F. Elmore, Judge.

SAMFORD, J. Defendant was convicted of manslaughter in the first degree and appeals. This is a most unusual case—a homicide without reason or motive. The parties barely knew each other. The dying declaration of deceased, which was introduced in evidence after due proof of the necessary predicate, identifies the defendant as the party doing the shooting. The defendant denies the act and offers proof of good character and an alibi. The evidence of identity is in some respects unsatisfactory, but is sufficient to make a jury question. On this record we are not authorized to disturb the verdict. There is no error prejudicial to defendant, and the judgment is affirmed. Affirmed.

(118 So. 923)

W. O. DAVIS v. C. C. MILLER. (6 Div. 403.) Court of Appeals of Alabama. Nov. 30, 1928.

John Denson, Judge.

PER CURIAM. Appeal dismissed for want of prosecution.

(112 So. 921)

J. T. DAWKINS v. Harold CORN, pro ami. (6 Div. 148.) Court of Appeals of Alabama. April 21, 1927.

Roger Snyder, Judge.

PER CURIAM. Appeal dismissed for want of prosecution.

(118 So. 923)

Johnnie Lee DENNARD v. STATE. (4 Div. 499.) Court of Appeals of Alabama. Nov. 20, 1928.

J. S. Williams, Judge.

SAMFORD, J. Affirmed.

(112 So. 921)

Earl DENNIS v. CITY of PHENIX CITY. (4 Div. 281.) Court of Appeals of Alabama. April 14, 1927.

J. S. Williams, Judge.

PER CURIAM. Appeal dismissed for want of prosecution.

(112 So. 921)

Arthur DENSON v. STATE. (6 Div. 125.) Court of Appeals of Alabama. May 27, 1927.

H. P. Heflin, Judge.

SAMFORD, J. Appeal dismissed.

(117 So. 924)

Robert DICKERT v. STATE. (7 Div. 428.) Court of Appeals of Alabama. June 30, 1928.

R. B. Carr, Judge.

BRICKEN, P. J. The indictment contained one count, and charged this appellant with the offense of possessing a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. Upon being convicted, as charged, by the jury, the court imposed an indeterminate term of imprisonment in the penitentiary for not less than 18 months and not more than 2 years. Judgment of conviction was accordingly entered, from which this appeal was taken. The record proper, upon which this appeal is predicated, is regular in all things. No error appearing, the judgment of conviction in the lower court will stand affirmed. Affirmed.

(114 So. 921)

Jesse L. DILLARD v. STATE. (6 Div. 234.) Court of Appeals of Alabama. Dec. 13, 1927.

Ernest Lacy, Judge.

BRICKEN, P. J. Appeal dismissed.

(116 So. 924)

Allie, alias Ollie, DIXON v. STATE. (6 Div. 294.) Court of Appeals of Alabama. April 24, 1928.

H. P. Heflin, Judge.

BRICKEN, P. J. This appellant was tried and convicted, as charged upon an indictment for the offense of assault with intent to murder. From the judgment of conviction in the circuit court he appealed. The appeal is upon the record, without bill of exception. No error appears on the record. Let the judgment of conviction, from which this appeal was taken, stand affirmed. Affirmed.

(113 So. 916)

Newt DODD v. STATE. (6 Div. 99.) Court of Appeals of Alabama. May 24, 1927. Rehearing dismissed June 21, 1927.

Ernest Lacy, Judge.

SAMFORD, J. Defendant was convicted on a charge of violating the prohibition law. There is no merit in any exception reserved in the trial court. The record is free from error, and the judgment is affirmed.

(113 So. 916)

Sherman DODD v. STATE. (6 Div. 98.) Court of Appeals of Alabama. June 7, 1927.

Ernest Lacy, Judge.

BRICKEN, P. J. The indictment in this case contained two counts, and charged the defendant with distilling, etc., alcoholic, spirituous, or malted liquors; also with the possession of a still to be used for that purpose. There was a general verdict by the jury of guilty as charged in the indictment, and defendant was duly sen-